UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-25190-CV-WILLIAMS
MAGISTRATE JUDGE REID

JOSEPH A. COATES,

    Plaintiff,

v.

UNITED STATES
DEPARTMENT OF JUSTICE, et al.,

    Defendants.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This Cause is before the Court upon review of Plaintiff's *pro se* Amended Complaint filed pursuant to the Federal Tort Claims Act ("FTCA") under 28 U.S.C. § 1346.[1] *See* [ECF No. 12]. Plaintiff, **Joseph Coates**, brings this suit against the United States Department of Justice ("DOJ"), the Federal Bureau of Prisons ("FBOP"), the United States Marshals Service ("USMS"), Agent John Doe #1 (Driver), Agent John Doe #2 (Guard Passenger), and an Unknown Automobile Insurance Company. [*Id.* at 1].

This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the District Court regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-02. [ECF No. 2]. Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") [ECF No. 15], and therefore his Amended

---

[1] In Plaintiff's initial complaint, he appeared to bring this cause of action pursuant to the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See* [ECF No. 1].

Complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(b). *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007).

Accordingly, as discussed below, the Undersigned **RECOMMENDS** that:

(1) Plaintiff's Amended Complaint [ECF No. 12] be **DISMISSED** against the United States Department of Justice, Federal Bureau of Prisons, United States Marshals Service, the Unknown Automobile Insurance Company, John Doe #1, and John Doe #2 for lack of jurisdiction;

(2) Plaintiff be **GRANTED** leave to file an amended complaint within thirty days, to (a) cure any deficiencies identified in this Report with respect to a claim for lack of medical care; and (b) name the proper party defendant;

(3) Plaintiff's Motion for Summary Judgment [ECF No. 18] and Defendants' Motion to Dismiss [ECF No. 21], be **DENIED** without prejudice because, at this juncture, the motions are premature as this case must first be screened in accordance with 28 U.S.C. § 1915(e)(2)(b) and service has not yet been effectuated pursuant to Fed. R. Civ. P. 4.

## II. Plaintiff's Factual Allegations

Plaintiff alleges that on December 17, 2019, he was being transported in a van by the USMS to the Miami-Dade Federal Detention Center ("FDC Miami"). [ECF No. 12 at 3]. Agent John Doe #1 was the driver of the van and Agent John Doe #2 was the guard passenger. [*Id*. at 1]. At the time Plaintiff was placed in the van, the USMS (Agent John Doe #1 and Agent John Doe #2) "failed to place seatbelt restraints, even though [a] belt system was available." [*Id*. at 3]

As the van approached the parking area of the Miami Federal District Courthouse ("Courthouse"), "the armed guard at the entrance guard shack, instructed the driver to proceed down the out-exit ramp, because the in-entrance ramp was blocked . . . ." [*Id*. at 4]. Plaintiff alleges

that "the driver needed to make a [90-degree] right turn[,] so he revved up the engine to make the turn and struck a large metallic barrier object." [*Id.*]. This "caused the van to scrape and lurch side to side and come to a complete violent stop." [*Id.*]. The driver realized that the van was stuck and "gave the van more acceleration[,] but the van would not budge." [*Id.*]. The driver continued to accelerate "and the van lurched forward." [*Id.*]. Plaintiff heard "a loud scrapping and grinding noise as the back tire jerked over the curb and finally broke free of the barrier it had struck." [*Id.*].

Both passengers[2] were thrown "side to side" in the vehicle. [*Id.*]. Plaintiff alleges that because their hands, waist, and legs were shackled with handcuffs, they were "unable to 'stop' themselves from hitting the inside panels of the van with their head, shoulders, knee, and bodies." [*Id.*]. "Plaintiff suffered sharp pain" in his head, shoulder, right temple, and right knee. [*Id.*].

Plaintiff alleges that after the accident, he never received treatment for the injuries he sustained, which he claims, "were reported immediately on entering [the] intake area of the inmate area of the building." [*Id.*]. He alleges that he told the Nurse at FDC Miami "about his sharp stabbing pain" and "the continuous throbbing pain" coming from his neck, shoulders, and knee, but he was only offered "400mg of Ibuprofen at the site." [*Id.* at 5]. A week after the accident, he was X-rayed, but he alleges that "no treatment followed." [*Id.*].

Plaintiff alleges that he suffers from "injuries to his neck and shoulder, [and] knee . . . that continue to cause him to use walkers, [a] wheelchair[,] and other forms of support." [*Id.* at 6]. Plaintiff also suffers from "[c]hronic headaches[,] [which] continue to cause [him] pain and suffering[,] and loss of ability to concentrate . . . ." [*Id.*].

Plaintiff also alleges that the "Marshals may have failed to file an accident report for the moving violation [or] the accident with damage and bodily injury to any authority." [*Id.* at 4].

---

[2] As best can be ascertained, the individuals in the van were Plaintiff, a passenger, Agent John Doe #1, and Agent John Doe #2.

3

Additionally, Plaintiff claims that neither the Marshals' "superiors nor the insurance company for the van" may have been made aware of this incident. [*Id.*]. For that reason, Plaintiff alleges that he "must rely upon the court to protect his rights because there is available video evidence of the negligence and bodily injury which resulted from the [Marshals'] negligence." [*Id.*].

As for relief sought, Plaintiff requests $750,000.00 for "medical compensatory damages[,]" "$750,000.00 for loss of income[,]" and "punitive damages." [*Id.* at 6].

### III. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint filed by an individual proceeding IFP must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)) (per curiam). Although, as stated before, a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Finally, under section 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on an indisputably meritless legal theory . . ." or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## IV. Discussion

1) <u>Federal Tort Claims Act</u>

   *a) Proper Party*

Plaintiff brings this cause of action under the Federal Tort Claims Act, but does not name the United States as a defendant. The only permissible defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679(b)(1).

"An FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Echevarria-de-Pena v. United States*, No. 12-22248-CIV, 2013 WL 616932, at *3 (S.D. Fla. Feb. 19, 2013). Therefore, Plaintiff's claim should be dismissed against the BOP, DOJ, the USMS, Agents John Doe #1 and John Doe #2, and the Unknown Automobile Insurance Company for lack of jurisdiction.

However, in the event, that the proper party is named, Plaintiff may state a plausible claim upon which relief may be granted.

   *b) FTCA Standard*

The FTCA allows plaintiffs to seek damages from the United States for certain torts "caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." *See* 28 U.S.C. §§ 2671–80. Accordingly,

5

"inmates confined in a federal prison who suffer an injury caused by the negligence of a government employee" may bring an FTCA cause of action. *Jefferson v. United States*, 1:14-cv-37-WSD, 2017 WL 83324, at *2 (N.D. Ga. Jan. 10, 2017).

"The FTCA waives the United States government's sovereign immunity from suit in federal courts for the negligent actions of its employees." *Cohen v. United States*, 151 F.3d 1338, 1340 (11th Cir. 1998). However, under 28 U.S.C § 2680, there are exceptions to the FTCA's waiver of sovereign immunity. The discretionary function is one of these exceptions. *See* 28 U.S.C § 2680(a). Section 28 U.S.C. §2680(a) provides that the United States is not liable for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or an employee of the Government, whether or not the discretion involved be abused."

"If the discretionary function exception applies to a claim, the claim must be dismissed for lack of subject-matter jurisdiction." *Lewis v. United States*, 618 F. App'x 483, 486 (11th Cir. 2015). To determine whether the discretionary function set forth in 28 USC § 2680(a) applies, the Supreme Court has adopted a two-part inquiry. *See United States v. Gaubert*, 499 U.S. 315, 322 (1991).

First, the Court must assess "the nature of the conduct at issue and determine whether it 'involves an element of judgment or choice.'" *Lewis*, 618 F. App'x at 486. "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" *Gaubert*, 499 U.S. at 322. If the conduct at issue is not governed by a statute, regulation, or policy, then the government employee's action satisfies the first part of the discretionary function test. *See Id*.

Second, the Court must consider whether the act or omission can be subjected to analysis "grounded in social, economic, or political policy" considerations. *Id*. In making this determination, courts "do not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting." *Ochran v. United States*, 117 F.3d at 495, 500 (11th Cir. 1997). Instead, courts "focus on the nature of the actions taken and on whether they are susceptible to policy analysis." *Gaubert*, 499 U.S. at 325. The exception "prevent[s] judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy." *Lewis*, 618 F. App'x at 486.

If both factors of the discretionary function exception are met, the FTCA's limited waiver of sovereign immunity is removed, and the government is shielded from liability, even if negligent. *See Blakey v. U.S.S. Iowa*, 991 F.2d 148, 152 (4th Cir. 1993).

c) *Discretionary Function Exception Application – Failure to Seatbelt*

To the extent Plaintiff brings a claim for failure to seatbelt while being transported in the van, *see* [ECF No. 12 at 4], the decision to seatbelt a prisoner falls within the FTCA's discretionary function exception, and the United States retains its sovereign immunity. *See Vinzant v. United States,* No. 2:06–CV–10561, 2010 WL 1857277, at *4 (E.D. La. May 7, 2010), *aff'd*, 458 F. App'x 329 (5th Cir. 2012) ("The decision not to secure inmates with safety belts during transport is a classic example of the type of policy choice that is shielded by the discretionary function exception to the FTCA").

As to the first element of the discretionary function exception test, the alleged omission of failing to seatbelt involves an element of judgment or choice because there is no statute, regulation, or policy that requires the USMS to restrain prisoners in seatbelts upon transport. The policy set

7

forth in 28 C.F.R. § 570.44 addresses supervision and restraint requirements for inmates under escort. It stipulates that "[r]estraints may be applied to an inmate going on an escorted trip, after considering the purpose of the escorted trip and the degree of supervision required by the inmate." 28 C.F.R. § 570.44. While policies may exist requiring federal *employees* to wear their seatbelts,[3] there is no policy requiring prisoners to wear a seatbelt in the back of a passenger van.[4] Thus, the decision of whether to use seatbelts on inmates being escorted is left to the officer's discretion and involves an element of choice.

Second, the inaction of the USMS is also susceptible to an analysis involving policy considerations. The Plaintiff cannot "seriously contend that safety or other similar policy considerations are not at play in deciding whether to allow prisoners in a confined and moveable space access to seatbelts which can be used as weapons." *Roble v. United States Gov't*, No. PX-16-4045, 2018 WL 1014928, at *5 (D. Md. Feb. 22, 2018); *see also Vinzant v. United States*, 458 F. App'x 319, 333 (5th Cir. 2012) (holding that the decision not to seatbelt prisoners was "based on a policy choice–striking a balance between the safety of prisoners during transport and the safety of Marshals, which might be imperiled if the Marshals had to get close enough to the prisoners to buckle and unbuckle their seatbelts.").

Therefore, to the extent Plaintiff brings a claim for failure to seatbelt, the USMS's failure to provide Plaintiff with a seatbelt during transportation falls within the discretionary function exception, and this claim would be dismissed for lack of subject matter jurisdiction. *See Reynolds v. United States*, No. 4:04cv95/RV/EMT, 2006 WL 5400338, at *5 (N.D. Fla. Jan. 30, 2006)

---

[3] *See* Executive Order No. 13043, 1997 WL 187137 (Apr. 16, 1997).

[4] Furthermore, Plaintiff does not allege that the prison had a policy requiring inmates to be restrained during transport.

(holding that a claim for failure to provide seatbelts was "precluded by the exception to the waiver of sovereign immunity provided in section 2680(a) of the FTCA").[5]

*d) Discretionary Function Exception Application – Reckless Driving*

To the extent Plaintiff brings a negligence claim against the USMS for reckless driving, i.e., that Defendants entered the garage through the exit lane and traveled in the wrong direction, *see* [ECF No. 12 at 4], this action does not fall within the discretionary function exception.

Along with the two-step inquiry for the discretionary function exception created in *Gaubert*, the Supreme Court has also stated:

> There are obviously discretionary acts performed by a Government agent that are within the scope of his employment but not within the discretionary function exception because these acts cannot be said to be based on the purposes that the regulatory regime seeks to accomplish. If one of the officials involved in this case drove an automobile on a mission connected with his official duties and negligently collided with another car, the exception would not apply. Although driving requires the constant exercise of discretion, the official's decisions in exercising that discretion can hardly be said to be grounded in regulatory policy.

*Gaubert,* 499 U.S. at 325 n.7.

Additionally, in *Vinzant,* a prisoner brought a negligence claim under the FTCA alleging that the defendants failed to secure the prisoners with a seatbelt and operated a transport van recklessly. 2010 WL 1857277, at *3. The court dismissed the plaintiff's claim regarding the failure to be restrained with a seatbelt; however, the other alleged bases of liability under the FTCA remained viable. *Id.* at *6; *see also Garcia-Feliciano v. United States,* No. 12-1959 SCC, 2014 WL 1653143, at *3 (D.P.R. Apr. 23, 2014) ("[W]e conclude that the discretionary function

---

[5] *See also Vinson v. U.S. Marshals Serv.,* C/A No. 0:10-79-RMG-PJG, 2011 WL 3903057, at *5 (D.S.C. July 29, 2011), *report and recommendation adopted*, No. CA 0:10-79-RMG, 2011 WL 3903199 (D.S.C. Sept. 2, 2011), *aff'd*, 459 F. App'x 221 (4th Cir. 2011) (holding that the USMS was acting within the discretionary function exception to the FTCA when determining that prisoners are not required to wear seatbelts during transportation after weighing the risk of safety and security); *McCaffary v. United States.,* No. 2:97–CV– 403, 1998 WL 560047, at *3 (D. Vt. Aug. 27, 1998) (holding that the discretionary function exception within the FTCA was intended to cover the decision by USMS not to install seatbelts for prisoners in its transport vehicles).

exception should not apply where two causes–one discretionary and one not–are said to cause the plaintiff's injury."); *Franklin v. United States,* No. 1:10-CV-00142–LJO–MJS (PC), 2013 WL 4496553, at *6 (E.D. Cal. Aug. 21, 2013), *report and recommendation adopted,* 1:10-CV-00142-LJO, 2013 WL 5314704 (E.D. Cal. Sept. 20, 2013) (holding that evidence of speeding or driving reckless could justify negligence and the proximate cause of Plaintiff's injuries.).

Similar to the plaintiffs in *Vinzant* and *Garcia*, the alleged behavior in this case cannot qualify under the discretionary function exception. Here, Plaintiff has alleged that the USMS "proceeded down the out-exit ramp, because the in-entrance ramp was blocked with large yellow plastic barrels blocking the entrance ramp." [ECF No. 12 at 4]. First, driving on the wrong side of a ramp does not involve an element of judgment or choice. Second, that act does not involve any social, economic, or policy considerations. *See Gaubert,* 499 U.S. at 325 n. 7.

Therefore, in accordance with Plaintiff's allegations, the alleged reckless driving of the USMS does not fall within the discretionary function exception and the United States sovereign immunity would be waived. *See Vinzant,* 2010 WL 1857277, at *1.

e) *Negligence under Florida Law for FTCA purposes*

After establishing that reckless driving does not fall within the discretionary function exception, the next step is to determine whether the defendant acted negligently. The liability of the United States under the FTCA is to be determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346. "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg,* 260 F.3d 1260, 1262 (11th Cir. 2001).

10

Plaintiff alleges that Defendants owed "a duty of care to Plaintiff since the U.S. [Marshals] were responsible for the Plaintiff's safety" and well-being. [ECF No. 12 at 5]. He claims that the Defendants breached that duty when they drove "down the out-exit ramp, because the in-entrance ramp was blocked." [*Id.* at 4]. This action by the USMS caused the vehicle to strike a "large metallic barrier object" and "scrape and lurch side to side." [*Id.*]. "Both passengers were [then] thrown side to side and were unable to stop themselves from hitting the inside panels of the van." [*Id.*]. Plaintiff further alleges that "the Marshalls' negligence was the direct and proximate cause of the accident." [*Id.* at 5].

As a result, Plaintiff alleges that he suffered damage to his neck, shoulder, knee, and head. [*Id.* at 4]. He alleges that these injuries give him "chronic headaches," "pain and suffering," and a "loss of [the] ability to concentrate." [*Id.* at 6]. Additionally, Plaintiff must "use walkers, [a] wheelchair[,] and other forms of support." [*Id.*]. He claims that "each of the injuries are a direct result . . . [of] the violent car accident" that was caused by the officer's "acts of negligence[,]" despite the USMS owing him a "duty of care." [*Id.*].

At this juncture, Plaintiff has pleaded a plausible claim upon which relief may be granted as to the reckless driving of the USMS. However, as stated previously, the United States has not been named a defendant, which is required to bring a claim under the FTCA. Therefore, this court lacks jurisdiction over Plaintiff's cause of action unless and until the proper party is named.

2) Additional Claim (Medical Care)

Lastly, Plaintiff alleges that after the vehicular accident he told a nurse about "his sharp stabbing pain . . . ." [ECF No. 12 at 4]. He claims he received "400 mg [of] Ibuprofen" and was "ex-rayed, but no treatment followed." [*Id*. at 5]. With regard to the above allegations, it is unclear whether Plaintiff is attempting to bring this as a separate claim under the FTCA or *Bivens v. Six*

11

*Unknown Named Agents*, 403 U.S. 388 (1971), or whether Plaintiff is asserting these allegations in support of his reckless driving claim.

Even so, to the extent Plaintiff is attempting to raise this claim under *Bivens,* Plaintiff fails to state a claim on which relief may be granted. Pursuant to *Bivens*, "[w]ith respect to the alleged constitutional deprivation, [plaintiff's] only remedy lies against the individual . . . ." *Corr. Services Corp. v. Malesko,* 534 U.S. 61, 72 (2001). "*Bivens* does not extend to federal agencies . . . as they are immune from suit." *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) (quoting *Bivens*, 403 U.S. 410).

Here, Plaintiff has not raised any of the above allegations against any of the named Defendants in his Amended Complaint. Further, if Plaintiff is attempting to bring a claim against the nurse, he fails to name the nurse as a defendant. [ECF No. 12 at 6]. Therefore, under *Bivens* this claim should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).[6]

On the other hand, to the extent Plaintiff is attempting to raise this claim under the FTCA, Plaintiff's claim would be dismissed for lack of subject matter jurisdiction because he has not named the United States as a party. However, even if Plaintiff had named the proper party, his claim is too vague and conclusory to sustain a cause of action for negligent medical care because Plaintiff has failed to plead the elements of a medical malpractice claim.[7]

---

[6] Even if the nurse was named a defendant, Plaintiff's claim would still be subject to dismissal. Plaintiff's allegations are too vague and conclusory to state a plausible claim against the nurse. Additionally, "[m]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Wallace v. Hammontree*, 615 F. App'x 666, 667 (11th Cir. 2015). Here, the nurse provided Plaintiff with medical treatment when she gave him Ibuprofen. [ECF No. 12 at 5].

[7] "To state a medical malpractice claim under the FTCA, a plaintiff must allege facts satisfying Florida's medical malpractice laws." *Menard v. United States*, No. 5:11-cv-108-Oc-29SPC, 2012 WL 139484, at *8 (M.D. Fla. Jan. 18, 2012). A plaintiff bringing a medical malpractice claim in Florida must allege: "(1) a duty owed to plaintiff by the defendant; (2) a breach of that duty by allowing conduct to fall below the applicable standard of care; (3) and an injury proximately caused by the defendant's breach of that duty." *Id.; see also* Fla. Stat. § 766.102.

Further, although the United States would be the proper named party in an FTCA claim, Plaintiff must attribute some actions to an individual or department for the alleged lack of medical care. *See Cosby v. U.S. Marshals Serv.,* 520 F. App'x 819, 821 (11th Cir. 2013) (evaluating Plaintiff's allegations brought pursuant to the FTCA that the BOP failed to provide adequate medical care); *Bravo v. United States*, 532 F.3d 1154, 1157 (11th Cir. 2008) (assessing allegations in an FTCA claim that a doctor negligently contributed to Plaintiff's injuries).

Here, it is unclear as to which named defendant, if any, Plaintiff attributes any alleged lack of medical care. His only allegation against the nurse is that she gave him Ibuprofen and an x-ray was performed. [ECF No. 12 at 5]. Accordingly, if Plaintiff is claiming the nurse failed to provide him with medical care, he should allege this and adequately describe the nurse.

Alternatively, if Plaintiff attributing his lack of medical care to any other individual or department, Plaintiff should specify which department or individual allegedly failed to provide him with care. Therefore, if Plaintiff chooses to bring a medical negligence claim under the FTCA, while the United States is the proper party defendant, Plaintiff should specify which department or individual allegedly failed to provide him with care.

### V. Recommendations

Based on the foregoing, it is **RECOMMENDED** that**;**

(1)   Plaintiff's Amended Complaint [ECF No. 12] be **DISMISSED** against the United States Department of Justice, Federal Bureau of Prisons, United States Marshals Service, the Unknown Automobile Insurance Company, John Doe #1, and John Doe #2 for lack of jurisdiction;

(2)   Plaintiff be **GRANTED** leave to file an amended complaint within thirty days, to (a) cure any deficiencies identified in this Report with respect to a claim for lack of medical care; and (b) name the proper party defendant;

(3)  Plaintiff's Motion for Summary Judgment [ECF No. 18] and Defendants' Motion to Dismiss [ECF No. 21], be **DENIED** without prejudice because, at this juncture, the motions are premature as this case is in the initial screening stage in accordance with 28 U.S.C. § 1915(e)(2)(b) and service has not been effectuated pursuant to Fed. R. Civ. P. 4.

Objections to this report may be filed with the District Court within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the district court judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida, this 17th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:

**Joseph Coates**
c/o Pamela L. Foster
2428 Hirsch Avenue
Jacksonville, Florida 32216
PRO SE

**Dexter Lee**
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
Email: dexter.lee@usdoj.gov