**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 19-25190-CV-WILLIAMS**

JOSEPH COATES,

      Plaintiff,

v.

UNITED STATES OF AMERICA,
*et al.,*

      Defendants.

_____/

## ORDER SCREENING PLAINTIFF'S SECOND AMENDED COMPLAINT

**THIS MATTER** is before the Court on *pro se* Plaintiff Joseph Coates's second amended civil rights complaint ("Second Amended Complaint") filed pursuant to 42 U.S.C. § 1983. [ECF No. 28]. Previously, Plaintiff was granted *in forma pauperis* ("IFP") status, and his amended civil rights complaint ("Amended Complaint") [ECF No. 12] screened pursuant to 28 U.S.C. § 1915(e) [ECF No. 26]. A Report was entered recommending that the Amended Complaint be dismissed with leave to file a final amended complaint to cure the deficiencies identified in the Report. [*Id.* at 13-14]. Regarding his claims under the Federal Tort Claims Act, 28 U.S.C. § 2679(b)(1), the Report recommended dismissal for lack of jurisdiction against the Federal Bureau of Prisons ("BOP"), the Department of Justice ("DOJ"), the U.S. Marshal Service ("USMS"), Agents John Doe #1 and #2, and the unknown Automobile Insurance Company, with leave to amend and identify the United States ("U.S.") as the proper party. [*Id.* at 5]. The Report recognized Plaintiff had not sued the United States and did not identify the individual he claims drove recklessly causing the vehicular accident which resulted in his injuries. [*Id.* at 12]. The Report also

recommended dismissal of Plaintiff's medical negligence claim because he had not provided sufficient facts to support such a claim. [*Id.* at 12-13]. Further, the Report noted that if Plaintiff was attempting to raise a claim under *Bivens*,[1] the claim should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). [*Id.* at 12, n.6]. Finally, the Report recommended that Plaintiff's Motion for Summary Judgment [ECF No. 18] and Defendants' Motion to Dismiss [ECF No. 21] be denied without prejudice as they were prematurely filed since the Amended Complaint had not been screened, and discovery had not yet commenced. [*Id.*].

Before the Court ruled upon the pending Report, but after the time for filing objections passed, Plaintiff filed a Second Amended Complaint attempting to cure the deficiencies identified above. [ECF No. 28]. For the reasons discussed below, all claims in the Second Amended Complaint are dismissed except for Plaintiff's claim of negligence regarding the operation of the prison transport van under the Federal Tort Claims Act.

---

[1]*See Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971). Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In *Bivens,* the United States Supreme Court recognized for the first time an implied private action for damages against federal officers for violations of certain constitutional rights despite the absence of any statute conferring such right. *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 66 (2001). A *Bivens* action is the federal counterpart of a civil rights action under 42 U.S.C. § 1983 and is brought pursuant to 28 U.S.C. § 1331 and the applicable provisions of the United States Constitution. "The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." *Dean v. Gladney,* 621 F.2d 1331, 1336 (5th Cir. 1980), *cert. denied sub nom. Dean v. County of Brazoria,* 450 U.S. 983 (1981). Thus, courts generally apply §1983 law to *Bivens* cases. *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995). Accordingly, the proper defendants in a *Bivens* claim are the federal officers who allegedly violated Plaintiff's constitutional rights, not the federal agency which employs the officers. *FDIC v. Meyer,* 510 U.S. 471, 485-86 (1994).

## I.   FACTUAL ALLEGATIONS

Plaintiff alleges that his Second Amended Complaint "relates back to both the 'Complaint,' and the 'First Amended Complaint,'" [ECF No. 28 at 1]. Plaintiff asserts that on December 19, 2017, a U.S. Marshal drove him from Martin County, Florida to the federal courthouse in Miami-Dade County, Florida for a hearing, when the van was involved in a "single vehicle accident" resulting in physical injuries to Plaintiff. [*Id.* at 1]. He alleges that the U.S., acting through the USMS, drove the vehicle "willfully and wantonly" disregarding his safety and the safety of other passengers. [*Id.* at 2]. Because the van had no safety belts, and he was shackled and restrained with waist, leg, and ankle cuffs, he states that he was unable to steady himself and was violently thrashed about inside the van due to the driver's actions. [*Id.*]. Plaintiff claims he suffered "serious bodily injury," including headaches, neck pain, and lack of concentration since the accident. [*Id.*]. He alleges the U.S., through the USMS, breached its duty to use reasonable care by "jumping the curb, revving up the engine, slamming into a metal barrier and thrusting the vehicle and its passenger violently" about the van. [*Id.* at 3].

Next, Plaintiff alleges that he was denied medical treatment by the BOP and DOJ. [*Id.* at 2]. He maintains all information regarding this claim was attached to the Complaint and First Amended Complaint. [*Id.*]. He alleges he made "years of requests for medical care during his incarceration from 2017 to 2020 with the medical staff at [D. Ray James Correctional Facility ("DRJ")]," but treatment was "systematically postponed or denied by DRJ, and the BOP." [*Id.*at 3]. He maintains that the U.S. and BOP were "deliberately indifferent" to his serious injuries refusing to provide him much needed medical care following the vehicular accident, resulting in permanent headaches and neck and

shoulder pain. [*Id.*]. He also alleges he suffered knee injuries which were untreated resulting in a crippling and debilitating injury that now requires the use of a cane or walker. [*Id.*]. He seeks compensatory damages for all of these injuries. [*Id.* at 4-5].

## II.   STANDARD OF REVIEW

Because "*Bivens* actions are analogous to § 1983 actions," the Eleventh Circuit has applied "§ 1983 law to *Bivens* cases." *Glover v. Eighth Unknown D.E.A. Agents/Drug Task Force Agents from Birmingham, Ala. Task Force*, 225 F. App'x 781, 784 (11th Cir. 2007) (per curiam) (citing *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995)). Standing alone, § 1983 "does not create any substantive rights, 'but merely provides a method for vindicating federal rights elsewhere conferred.'" *Glover,* 225 F. App'x at 784 (quoting *Graham v. Connor,* 490 U.S. 386, 393-94 (1989)).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a plaintiff is proceeding IFP, a complaint must be dismissed if the Court determines that the complaint fails to state a claim on which relief may be granted. *See Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the Court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Attorney,* 693 F. App'x 784, 785 (11th Cir. 2018) (per curiam). In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright,* 740 F. App'x at 694 (citing *Waldman v. Conway,* 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.* "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "Therefore, to prevail in a § 1983 [or *Bivens*] action, the plaintiff must show that he was deprived of a federal right by a person acting under the color of state [or federal] law." *Glover,* 225 F. App'x at 784 (citing *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001)).

Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). The claim must be "plausible on its face." *Bell,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). The Court may not, however, construct a litigant's legal arguments for him. *See Fils v. City of Aventura,* 647 F.3d 1272, 1285 (11th Cir. 2011) (finding a court "may look at all the evidence in the record," but it may not "act as plaintiff's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation.").

## III.   DISCUSSION

### A.   Federal Tort Claims Act ("FTCA")

#### 1.   *Proper Party*

"An FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Echevarria-de-Pena,* No. 12-

22248-CIV, 2013 WL 616932, at *3 (S.D. Fla. Feb. 19, 2013). To the extent Plaintiff intends to sue the BOP, DOJ, the USMS, Agents John Doe #1 and John Doe #2, and the unknown Automobile Insurance Company, the claim must be dismissed for lack of jurisdiction. However, in the Second Amended Complaint, Plaintiff added the United States as a Defendant, therefore naming the proper party to the FTCA claim. [ECF No. 26 at 5]. For the reasons discussed below, Plaintiff's FTCA claim against the United States should proceed as it states a plausible claim upon which relief can be granted.

2.    *FTCA Standard*

"The FTCA 'was designed to provide redress for ordinary torts recognized by state law.'" *See Daniel v. United States,* 188 F. App'x 954, 959 (11th Cir. 2000) (per curiam) (quoting *Stone v. United States,* 373 F.3d 1129, 1130 (11th Cir. 2004) (per curiam) (quotations omitted)).

> The FTCA imposes civil liability on the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Duque v. United States,* 216 F. App'x 830, 831 (11th Cir. 2007) (per curiam) (quoting 28 U.S.C. § 1346(b)). However, "the alleged tortfeasor must be an employee of the government." *See Duque,* 216 F. App'x at 831 (citing *Patterson & Wilder Constr. Co. v. United States,* 226 F.3d 1269, 1273-74 (11th Cir. 2000)). Under the FTCA, an "'employee of the Government' includes 'officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.'" *Duque,* 216 F. App'x at 831-32 (quoting 28 U.S.C. § 2671) (omission in original).

- 6 -

To analyze an FTCA claim, the Court must apply the law of the state in which the alleged tort was committed. *See Duque,* 216 F. App'x at 832 (citing *Stone v. United States,* 373 F.3d 1129, 1130 (11th Cir. 2004)). Because Plaintiff alleges the accident occurred in Florida, the Court must apply Florida law. Thus, "to state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lambert v. United States,* 198 F. App'x 835, 838 (11th Cir. 2006) (quoting *Lewis v. City of St. Petersburg,* 260 F.3d 1260, 1262 (11th Cir. 2001)).

As relevant here, "the FTCA waives the United States government's sovereign immunity from suit in federal courts for the negligent actions of its employees." *Cohen v. United States,* 151 F.3d 1338, 1340 (11th Cir. 1998). There are, however, exceptions to the FTCA's waiver of sovereign immunity under 28 U.S.C. § 2860, including the "discretionary function exception." *See* 28 U.S.C. § 2680(a). Under § 2860(a), "the discretionary function exception . . . exempts from this waiver claims 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty.'" *See Cosby v. U.S. Marshals Service,* 620 F. App'x 819, 820 (11th Cir. 2013) (per curiam) (quoting 28 U.S.C. § 2680(a)). Where "the discretionary function exception applies to a claim, the claim must be dismissed for lack of subject matter jurisdiction." *Lewis v. United States,* 618 F. App'x 483, 486 (11th Cir. 2015).

The Supreme Court has adopted a two-part test to determine if the discretionary function exception applies. *See United States v. Gaubert,* 499 U.S. 315, 322 (1991). First, the Court must assess "whether the challenged acts are 'discretionary in nature'--that is, they 'involve an element of judgment or choice.'" *Cosby,* 520 F. App'x at 819 (quoting

*Gaubert,* 499 U.S. at 322). "[T]he first prong of the exception is satisfied unless 'a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow.'" *Cosby,* 520 F. App'x at 820 (quoting *OSI, Inc. v. United States,* 285 F.3d 947, 952 (11th Cir. 2002) (quoting *Berkovitz v. United States,* 486 U.S. 531, 534 (1998))). Second, the Court must consider whether the "governmental actions and decisions [are] based on considerations of public policy." *Cosby,* 520 F. App'x at 820-821 (quoting *Gaubert,* 499 U.S. at 323). In making this determination, courts "do not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting." *See Ochran v. United States,* 117 F.3d 495, 500 (11th Cir. 1997). Instead, courts should "focus on the nature of the actions taken and on whether they are susceptible to policy analysis." *Cosby,* 520 F. App'x at 821 (quoting *Gaubert,* 499 U.S. at 325). Thus, the discretionary function exception "prevent[s] judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy." *Lewis,* 618 F. App'x at 486. Where both factors of the discretionary function exception are met, the FTCA's limited waiver of sovereign immunity is removed, and the Government is shielded from liability, even if negligent. *See Blakey, v. U.S.S. Iowa,* 991 F.2d 148, 152 (4th Cir. 1993).

   3.   *Failure to Secure Plaintiff*

   Plaintiff claims that the U.S. is liable for failing to use a seatbelt to secure him during transport in the prison van. But this conduct falls within the FTCA's discretionary function exception, and therefore, the sovereign immunity waiver does not apply. *See Vinzant v. United States,* No. 2:06-CV-10561, 2010 WL 1857277, at *4 (E.D. La. May 7, 2010), *aff'd,* 458 F. App'x 329 (5th Cir. 2012) ("The decision not to secure inmates with

safety belts during transport is a classic example of the type of policy choice that is shielded by the discretionary function exception to the FTCA"). The failure to secure an inmate with a seatbelt involves an element of judgment or choice because there is no statute, regulation, or policy requiring the U.S. to restrain prisoners with seatbelts during transport. Under 28 C.F.R. § 570.44, "restraints may be applied to an inmate going on an escorted trip, after considering the purpose of the escorted trip and the degree of supervision required by the inmate." *See* 28 C.F.R. § 570.44. While there are policies that require federal employees to wear their seatbelts,[2] there is no policy requiring prisoners to wear a seatbelt while being transported in the back of a passenger van. Moreover, the inaction of the USMS is susceptible to policy considerations because Plaintiff cannot "seriously contend that safety or other similar policy considerations are not at play in deciding whether to allow prisoners in a confined and moveable space access to seatbelts which can be used as weapons." *Roble v. United States Gov't,* No. PX-16-4045, 2018 WL 1014928, at *5 (D. Md. Feb. 22, 2018); *Vinzant v. United States,* 458 F. App'x 319, 333 (5th Cir. 2012) (holding that decision not to seatbelt prisoners was "based on a policy choice--striking a balance between the safety of prisoners during transport and the safety of Marshals, which may be imperiled if the Marshals had to get close enough to the prisoners to buckle and unbuckle their seatbelts."). Consequently, the claim that the U.S., through the USMS, failed to provide Plaintiff with a seatbelt during transport falls within the discretionary function exception and must be dismissed for lack of subject matter jurisdiction. *See Reynolds,* No. 4:04cv95/RV/EMT, 2006 WL 5400338, at *5 (N.D. Fla.

---

[2] *See* Executive Order No. 13043, 1997 WL 187137 (Apr. 16, 1997).

Jan. 30, 2006) (holding that a claim for failure to provide seatbelts was "precluded by the exception to the waiver of sovereign immunity provided in section 2680(a) of the FTCA").

    4.    *Reckless or Negligent Driving*

Plaintiff alleges that the USMS official drove the prison transport van recklessly, disregarding Plaintiff's safety. [ECF No. 28 at 2]. In his prior filings, Plaintiff alleged the driver entered the local federal detention facility parking garage through an exit lane and hit a large metal barrier as he tried to make a ninety-degree turn. [ECF No. 12 at 4]. He claims the vehicle operator accelerated the van after it became stuck, causing it to lurch forward until it eventually broke free of the barrier. [*Id.*]. Under Florida law, anyone operating a motor vehicle must do so in a "careful and prudent manner." *See* Fla. Stat. § 316.192(5); *Miami Paper Co. v. Johnston,* 58 So.2d 869, 871 (Fla. 1952) (providing "one manipulating a motor vehicle on the highway, whether backing, starting, or proceeding ahead, must exercise reasonable care, circumstances being the guide as to what constitutes reasonable care"); *Nelson v. Ziegler,* 89 So.2d 780, 783 (Fla. 1956) (en banc) (stating "an automobile is a dangerous instrumentality and while the driver thereof is certainly not an insurer of the safety of those who project themselves into his pathway, he is charged with the responsibility of having his vehicle under control at all times, commensurate with the circumstances and the locale . . . [and] maintain[ing] a sharp and attentive lookout in order to keep himself prepared to meet the exigencies of an emergency within reason and consistent with reasonable care and caution").

Plaintiff's allegations regarding the behavior of the van driver do not fall within the discretionary function exception. *See Gaubert,* 499 U.S. at 325 n.7. The unknown driver entered the garage through the exit lane. The driver decided to make a 90-degree turn,

but after accelerating to make the turn, he struck a metal barrier causing the van to become stuck. The driver attempted to dislodge the van by accelerating but was unsuccessful. After further attempts to accelerate, the van "lurched forward" and broke free of the metal barrier. [ECF No. 12 at 3-4]. Entering a garage through an exit lane does not involve an element of judgment or choice, and the act does not involve any social, economic, or policy considerations. Therefore, the U.S. is not entitled to application of the discretionary function exception to the sovereign immunity waiver regarding these allegations. Given that the U.S. is not entitled to sovereign immunity on this claim, Plaintiff's allegations are adequate to avoid dismissal. Plaintiff has sufficiently alleged that the U.S. owed him a duty of care because the van driver was responsible for Plaintiff's safety and well-being. [ECF No. 12 at 5]. Plaintiff alleged the U.S. breached the duty of care because the van driver drove in a recklessly negligent manner causing Plaintiff to be thrown about, which resulted in serious bodily injury. [*Id.*; ECF No. 28]. Consequently, this claim shall not be dismissed.

5.    *Medical Negligence*

Plaintiff also claims BOP correctional officers and/or medical staff refused to provide him any medical care or treatment for injuries sustained following the vehicular accident. Regarding medical negligence or medical malpractice claims, the Eleventh Circuit has held:

> Florida law requires that before filing any claim for personal injury or wrongful death arising from medical malpractice, the claimant conduct an investigation of the claim and send the defendant(s) a notice of intent to sue, along with a corroborating opinion by a medical expert. Fla. Stat. § 766.203(2) (2005). Attorneys must file with the claim a certificate of counsel, verifying that they have conducted a reasonable investigation and that there is a basis for a good

> faith belief that medical negligence occurred. Fla. Stat. § 766.104 (2005). The Florida Supreme Court has made clear that these requirements are prerequisites to suit, but not jurisdictional. *Kukral v. Mekras,* 679 So.2d 278, 283 (Fla. 1996). . . . Florida law mandates the dismissal of a claim for medical malpractice when the pre-suit requirements have not been fulfilled. Fla. Stat. § 766.206(2) (2005).

*Johnson v. McNeil,* 278 F. App'x 866, 871-72 (11th Cir. 2008). The first step in a pre-suit investigation process is for Plaintiff to make a reasonable investigation to determine whether there are "grounds for a good faith belief that there has been negligence in [his] care or treatment." *See* Fla. Stat. § 766.104(1); *see Fla. Stat.* § 766.203(2); *Weaver v. Myers,* 229 So.3d 1118, 1121 (Fla. 2017) ("[B]efore filing a medical negligence action in Florida, a claimant must satisfy statutory requirements, which include conducting a presuit investigation process to ascertain whether there are reasonable grounds to believe that the defendant medical provider was negligent, and that the negligence resulted in injury to the claimant.").

Once the suit investigation is completed, but prior to filing a claim, Plaintiff must notify each potential defendant "of intent to initiate litigation for medical malpractice." *See* Fla. Stat. § 766.106(2)(a). Plaintiff must corroborate his claim with a verified written medical expert opinion, which must be furnished to each potential defendant with the notice of intent to initiate litigation. *See* Fla. Stat. § 766.203(2). Plaintiff has neither demonstrated nor alleged that he has complied with Florida's medical negligence law prior to bringing his FTCA medical negligence claim. Accordingly, his FTCA medical negligence claim must be dismissed for failure to state a plausible claim upon which relief can be granted.

### B.    Eighth Amendment Deliberate Indifference

Plaintiff claims prison officials violated his Eighth Amendment rights by refusing to provide him with much needed medical treatment after the accident and during his imprisonment. In Plaintiff's Amended Complaint, it was unclear whether Plaintiff brought his medical care claim under the FTCA or as a *Bivens* claim. In light of the ambiguity, Plaintiff was instructed in the Report that if he intends to bring a *Bivens* claim, he must name the individuals who denied him medical care as defendants, and if he intends to bring this claim under the FTCA, he would have to name the United States as a party. He was further instructed that regardless of the cause of action, he would have to plead more than vague, conclusory allegations to support this claim. [ECF No. 26 at 11-13]. In the Second Amended Complaint, he clarifies that this claim is brought under the Eighth Amendment, and therefore, the Court construes it as a *Bivens* claim. Under *Bivens,* with respect to the alleged constitutional deprivation, Plaintiff's only "remedy lies against the individual[s]" and does not extend to federal agencies, which are immune from suit. *See Corr. Servs. Corp. v. Malesko,* 534 U.S. at 72; *Nalls v. Coleman Low Fed. Inst.,* 307 F. App'x 296, 298 (11th Cir. 2009).

Plaintiff alleges Defendants were deliberately indifferent to his injuries and medical needs. To prevail on a deliberate indifference claim based on a delay or denial of medical care, Plaintiff must show: (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) his injuries were caused by the defendant's deliberate indifference. *See Chaney v. United States,* 658 F. App'x 984, 989 (11th Cir. 2016) (per curiam) (citing *Townsend v. Jefferson Cty.,* 601 F.3d 1152, 1158 (11th Cir. 2010)). Deliberate indifference is established by alleging "(1) subjective knowledge of a risk of

serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Chaney,* 658 F. App'x at 989 (quoting *Townsend,* 601 F.3d at 1158) (alteration in original). "Subjective knowledge requires that a defendant 'must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.'" *Chaney,* 658 F. App'x at 989 (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). Moreover, if a plaintiff receives medical treatment, the medical care is deliberately indifferent if it "is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Truss v. Warden*, 684 F. App'x 794, 796 (11th Cir. 2017) (quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Mere "[c]laims concerning the doctor's medical judgment, such as whether the doctor should have used another form of medical treatment or a different diagnostic test, are inappropriate claims under the Eighth Amendment." *Wallace v. Hammontree*, 615 F. App'x 666, 667 (11th Cir. 2015).

In the Second Amended Complaint, Plaintiff alleges that he was "repeatedly" denied "necessary medical care" while confined with the BOP. [ECF No. 28 at 4]. He claims the Defendants "had actual knowledge of a serious medical need when Plaintiff repeatedly requested medical treatment and complained of headaches, neck and knee pain which were never investigated or treated after the injuries caused by Defendants [sic] actions." [*Id.* at 4]. As a result, Plaintiff alleges that he has "become crippled" and is unable to walk without the use of a "cane or walker." [*Id.*]. In his Amended Complaint, Plaintiff alleges a nurse gave him ibuprofen after the accident, and a week later, he received an x-ray, which did not lead to additional treatment. [ECF No. 12 at 4-5]. Plaintiff has not alleged—in any of his three complaints—what medical treatment was needed

and denied, such as whether it was recommended that he receive additional treatment based on his x-ray results. He has also failed to allege who had subjective knowledge of a serious risk of harm and disregarded that risk, and by what conduct amounting to more than gross negligence they disregarded that risk. He suggests that whomever provided him with a cane and walker was aware of his pain, but without more, this fails to rise to the level of deliberate indifference. His allegation that he received ibuprofen and an x-ray also fails to rise to the level of grossly incompetent, inadequate, or excessive enough to shock the conscience or be intolerable to fundamental fairness. Finally, Plaintiff has again failed to assert this claim against the individuals who he alleges were deliberately indifferent to his medical needs as required for a *Bivens* claim. Despite amending his complaint twice, Plaintiff has failed to cure these deficiencies. Therefore, this claim must be dismissed.

## IV.    CONCLUSION

Accordingly, after a review of the record, it is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's claims in the Second Amended Complaint against USMS, USDOJ, BOP, the Unknown Automobile Insurance Company, and John Doe #1 and #2 are **DISMISSED** for lack of subject matter jurisdiction to the extent they are incorporated from the Complaint and Amended Complaint.

2.      Plaintiff's Second Amended Complaint shall **PROCEED** against the United States on Plaintiff's FTCA negligence claim regarding the operation of the prison transport van.

3.    Plaintiff's FTCA claims regarding (1) the failure to secure Plaintiff with a seatbelt, and (2) medical negligence or malpractice are **DISMISSED** for failure to state a claim upon which relief can be granted.

4.    Plaintiff's *Bivens* claim for deliberate indifference to a serious medical need is **DISMISSED** for failure to state a claim upon which relief can be granted.

5.    Plaintiff's Motion for Summary Judgment [ECF No. 18] is **DENIED** as premature since the Amended Complaint had not been screened in accordance with 28 U.S.C. § 1915(e)(2)(b), and discovery had not yet commenced.

6.    Defendants' Motion to Dismiss the First Amended Complaint [ECF No. 21] is **DENIED** as both premature and moot in light of the Second Amended Complaint.

7.    The Report and Recommendation [ECF No. 26] is **AFFIRMED AND ADOPTED** to the extent that it recommends denial of Plaintiff's premature Motion for Summary Judgment and Defendants' premature Motion to Dismiss. The remainder of the Report and Recommendation is deemed moot in light of the Second Amended Complaint.

**DONE AND ORDERED** in chambers in Miami, Florida, this 2nd day of November, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc:
Joseph Coates, *Pro Se*
c/o Pamela L. Foster
425 Arricola Avenue
St. Augustine, Florida 32080

Dexter Lee, AUSA
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
Email: dexter.lee@usdoj.gov